*EXHIBIT A*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

| | |
|---|---|
| **MICHELLE MELENDEZ,**<br><br>                          **Plaintiff,**<br>               v.<br><br>**BATH & BODY WORKS, LLC; BATH &**<br>**BODY WORKS, INC.; ABC CORPS. 1-10**<br>**and JOHN DOES 1-10,**<br><br>                          **Defendants.** | **Index No.:**<br>**Date Purchased:**<br><br>*Plaintiff designates*:<br>**NEW YORK County as**<br>**the place of trial.**<br>*The Basis of Venue*:<br>**CPLR 503**<br><br>**SUMMONS**<br><br>**Plaintiff resides at:**<br>170 Agor Lane, Mahopac, New York |

To the above-named Defendants:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney(s) within 20 days of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: January 27, 2022

                                           **CURCIO MIRZAIAN SIROT**
                                           A Limited Liability Company
                                           Attorneys for Plaintiff,
                                           Michelle Melendez

                             By:  */s/ Benjamin C. Curcio*
                                     Benjamin C. Curcio

                                        48 Wall Street, 11th Floor
                                        New York, New York 10005-2903
                                        Telephone: (646) 741-1943
                                        Facsimile: (646) 741-1944

                                        (Please reply to our New Jersey Office)

                                        5 Becker Farm Road, Suite 406

Roseland, New Jersey 07068
Telephone: (973) 226-4534
Facsimile: (973) 226-4535
Email: bcurcio@cmsllc.law

Service list:

- BATH & BODY WORKS, LLC – Secretary of State;
- BATH & BODY WORKS, INC – Secretary of State;

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| **MICHELLE MELENDEZ,** | Index No.: |
| **Plaintiff,** | **COMPLAINT** |
| v. | |
| **BATH & BODY WORKS, LLC; BATH & BODY WORKS, INC.; ABC CORPS. 1-10 and JOHN DOES 1-10,** | |
| **Defendants.** | |

Plaintiff Michelle Melendez ("Plaintiff"), by and through her attorneys, Curcio Mirzaian Sirot LLC, by way of Complaint against Defendants named herein below comes forth and alleges, as follows:

### NATURE OF THE ACTION

1. This is a strict products liability action brought by Plaintiff to recover damages she sustained as a result of an accident caused by a defective candle, which said accident occurred on April 23, 2020.

2. The accident was caused by, *inter alia*, a defective candle manufactured and distributed by Defendants. The candle's flame unexpectedly grew to about 3 feet when, in an attempt to bring the candle to the bathroom sink and put out the flame, the flame of the candle explosively expanded, burning Plaintiff's left hand and arm and causing extremely painful and permanently disfiguring second-degree burns and scarring. As a result thereof, Plaintiff has been caused to suffer, and will continue to suffer, serious and permanent injuries and economic damages for which compensation is hereby demanded.

## THE PARTIES

3. Plaintiff at all times relevant hereto resided at 170 Agor Lane, Mahopac, New York 10541.

4. Defendant Bath & Body Works, LLC ("Bath & Body") is, upon information and belief, a Delaware limited liability company with a principle place of business in Ohio, authorized to conduct business in the State of New York.

5. Defendant Bath & Body Works, Inc. ("Bath & Body Inc.") is, upon information and belief, a Delaware corporation with a principle place of business in Ohio, authorized to conduct business in the State of New York.

6. At all times relevant hereto, defendants ABC Corps. 1-10 are and were fictitiously named defendants and representing individuals and/or entities whose identities are presently unknown, but who are or may be liable to Plaintiff for the damages suffered.

7. At all times relevant hereto, defendants John Does 1-10 are and were fictitiously named defendants and representing individuals and/or entities whose identities are presently unknown, but who are or may be liable to Plaintiff for the damages suffered.

8. Defendants ABC Corps. 1-10 and John Does 1-10 are collectively referred to herein as the "Fictitious Defendants." Bath & Body, Bath & Body Inc and the Fictitious Defendants are sometimes collectively referred to throughout this Complaint as "Defendants."

9. The named Defendants and/or the Fictitious Defendants are responsible and/or accountable for the recklessness, carelessness, and/or negligence of their agents and employees, based upon, *inter alia*, the master-servant relationship, the doctrine of respondent superior, the principal and agent relationship and the employer and employee relationship, and are otherwise liable and/or responsible for the damages Plaintiff has suffered.

10. Plaintiff reserves the right to amend the Complaint in the event the Fictitious Defendants are identified and their culpability is revealed. Plaintiff will amend the pleadings to include the identity and/or identities and capacities of the Fictitious Defendants when they have been ascertained.

## VENUE

11. Defendants Bath & Body and Bath & Body Inc, hereinafter, collectively Bath & Body, are both authorized to and do conduct business in New York County. Therefore, pursuant to CPLR § 503, venue of this civil action is appropriate in the Supreme Court of New York, New York County.

## FACTUAL BACKGROUND

12. On April 23, 2020, Plaintiff was lawfully using a 3-wick eucalyptus spearmint scented Bath & Body candle (hereinafter referred to as "the candle"), manufactured and sold by Defendants.

13. Plaintiff lit the candle (this not having been her first use thereof), then placed on the edge of her bathtub, with nothing around it.

14. After the candle had been burning for some time, the flame on the candle had enlarged and extended to about three feet from the top of the candle.

15. Plaintiff attempted to move the candle into the nearby sink in an effort to extinguish the flame.

16. Upon the attempted removal of the candle from the bathtub to the sink, the flame of the candle unexpectedly and explosively expanded, causing burns to Plaintiff's left hand and arm.

17. Plaintiff threw the candle in the sink and tried to extinguish the flame with water, but to Plaintiff's surprise, the flame unexpectedly grew higher.

18. Plaintiff then retrieved a fire extinguisher and was able to put out the flames.

19. Plaintiff's left hand and arm were exposed directly to the flames of the candle and the severity of the injuries were so great that Plaintiff was caused to suffer second-degree burns and scarring over an extensive part of the hand and arm, along with sustaining other related injuries and pain.

20. The burns required medical attention and will continue to require future medical procedures including the use of topical cream, among other treatments.

21. As an additional consequence of the seriousness of the incident, Plaintiff's daughter, who was ten years old at the time of the accident, has suffered and continues to suffer from nightmares and continuously fears that another fire will break out in the home resulting in serious injury. Due to said fear, Plaintiff is no longer able to light candles in the home when her daughter is there.

22. As a direct and proximate result of the defective product and each Defendant's negligence, Plaintiff was caused to suffer and continues to suffer from serious and permanent injuries, pain and suffering, permanent disfiguration, economic damages and the consequences of the permanent fear the incident has induced in Plaintiff's daughter.

## COUNT ONE

### (Strict Products Liability — Manufacturing Defect)

23. Plaintiff repeats and realleges each and every allegation set forth in the previous paragraphs of her Complaint as if set forth at length herein.

24. At all times mentioned herein, Defendants were engaged in the business of importing, manufacturing, distributing, buying, selling, warranting, retailing, wholesaling, marketing, and advertising their candles that Plaintiff purchased and used in its intended and expected manner.

25. Defendants are liable under the UCC, as adopted by New York, because the product had an unreasonably dangerous defect that came into existence in the manufacture of the candle, deviated from the design specifications, resulting in the product being physically defective or flawed and thereby not safe for its intended purpose.

26. At all relevant times the candle was being employed for the purpose and in the manner that was intended and foreseeable. The manufacturing defect in the candle was not discoverable by Plaintiff through the exercise of reasonable case, the dangers of the product was not perceivable by Plaintiff, and Plaintiff would not have otherwise averted her injuries by the exercise of reasonable care.

27. The abnormally enlarged candle flame resulted from a manufacturing defect of the product and was the proximate cause of the damages suffered by Plaintiff, which could have been prevented by a more thorough and appropriate testing process.

28. Defendants are each liable since they each participated in the manufacturing, marketing, and distributing of the defective product, which was defective, unreasonably dangerous, and differed from its intended design.

29. Defendants are each liable since they each knew of the reasonable likelihood that a manufacturing defect would cause injury to Plaintiff.

30. As a result, Plaintiff was and is caused to suffer serious and permanent personal injuries including, but not limited to, permanent scarring and disfigurement, great pain and

suffering, acute emotional distress, and future, economic loss including, but not limited to, medical expenses.

31. The Defendants, by virtue of the foregoing, are strictly liable to Plaintiff for injuries resulting from the defects and dangerous propensity of their product.

32. That as a result of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

## COUNT TWO

### (Strict Products Liability — Design Defect)

33. Plaintiff repeats and realleges each and every allegation set forth in the previous paragraphs of her Complaint as if set forth at length herein.

34. At all times mentioned herein, Defendants were engaged in the business of designing, importing, manufacturing, distributing, buying, selling, warranting, retailing, wholesaling, marketing, and advertising their candles that Plaintiff purchased and used in its intended and expected manner.

35. Defendants are liable under the UCC, as adopted by New York, because the product was defective when it left Defendants' control and was not modified before being put to use by the Plaintiff.

36. At all relevant times the candle was being employed for the purpose and in the manner that was intended and reasonably foreseeable. The design defect in the candle was not discoverable by Plaintiff through the exercise of reasonable case, the dangers of the product was not perceivable by Plaintiff, and Plaintiff would not have otherwise averted her injuries by the exercise of reasonable care.

37. The product had a defective design of which any benefit of said design was outweighed by the risk of harm to a foreseeable user.

38. Defendants are liable because they failed to employ alternative designs in the production of the product.

39. The failure of Defendants to employ alternative designs was a proximate cause of the damages that Plaintiff suffered and continues to suffer.

40. As a result, Plaintiff was and is caused to suffer serious and permanent personal injuries including, but not limited to, permanent scarring and disfigurement, great pain and suffering, acute emotional distress, and future, economic loss including, but not limited to, medical expenses.

41. The Defendants, by virtue of the foregoing, are strictly liable to Plaintiff for injuries resulting from the defects and dangerous propensity of their product.

42. That as a result of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

## COUNT THREE

**(Strict Products Liability – Failure to Warn)**

43. Plaintiff repeats and realleges each and every allegation set forth in the previous paragraphs of her Complaint as if set forth at length herein.

44. At all times mentioned herein, Defendants were engaged in the business of designing, importing, manufacturing, distributing, buying, selling, warranting, retailing, wholesaling, marketing, and advertising their candles that Plaintiff purchased and used in its intended and expected manner.

45. Defendants, as regular purveyors, buyers, importers, sellers, wholesalers, retailers, and distributors of candles, such as the three-wick candle that caused Plaintiff's injuries, are in the chain of supply in vending such items to the public at large and have a duty to warn users of possible dangers associated with the use or misuse of the product, and are therefore liable under the UCC, as adopted by New York.

46. Defendants produced, designed, manufactured, marketed, supplied, distributed, or otherwise placed into the stream on commerce candles in a defective, unsafe and unreasonable dangerous condition, and said candle was expected to and did reach Plaintiff without substantial change in the condition in which it left the Defendants' possession.

47. Defendants' candle did not contain adequate and correct warnings or instructions regarding safety precautions to be observed by users, handlers and persons who would foreseeably use or otherwise come into contact with the candle.

48. Defendants knew or reasonably should have known that at the time the candle was manufactured, and at the time the candle left Defendants' control, the candle was in a defective condition that was unreasonably dangerous, and that the product did not have a suitable warning or instructions as to the latent defect or danger that would arise out of reasonable use of the product.

49. Defendants failed to ensure that adequate warnings were available to the end user, specifically Plaintiff herein, and in doing so, breached their duty to provide a product free from defect, while deriving substantial financial gain from the same.

50. As a result, Plaintiff was and is caused to suffer serious and permanent personal injuries including, but not limited to, permanent scarring and disfigurement, great pain and suffering, acute emotional distress, and future, economic loss including, but not limited to, medical expenses.

51. The Defendants, by virtue of the foregoing, are strictly liable to Plaintiff for injuries resulting from the defects and dangerous propensity of their product.

52. That as a result of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

## COUNT FOUR

### (Negligence)

53. Plaintiff repeats and realleges each and every allegation set forth in the previous paragraphs of her Complaint as if set forth at length herein.

54. Defendants negligently, recklessly and carelessly designed, manufactured, assembled, distributed, modified, sold, inspected, warranted, and advertised their 3-wick candles and failed to inform consumers and the Plaintiff that the candle was dangerous and unsafe for its intended and/or reasonably foreseeable use.

55. Defendants failed to exercise the amount of care in the design, manufacture, assembly, distribution, inspection, and sale of its three-wick candle that a reasonably careful manufacturer, designer, seller, wholesaler, or distributor would have used in similar circumstances to avoid exposing others to a foreseeable risk of harm and was otherwise negligent.

56. Defendants knew or reasonably should have known that the candle, and its component parts, were dangerous when used or misused in a reasonably foreseeable manner.

57. Defendants failed to adequately warn of the dangers of explosion and/or fire or instruct on the usage use of the candle and its component parts.

58. A reasonable manufacturer, designer, seller, wholesaler, distributor, or retailer in similar circumstances would have warned of the dangers or instructed on safe use of the product.

59. Defendants' failure to warn or instruct was a substantial factor in causing Plaintiff's harm.

60. As a proximate result of said negligent conduct, Plaintiff suffered injuries as previously alleged. The negligence of Defendants was a substantial factor in causing the explosion, fire, and serious injuries to Plaintiff.

61. That as a result of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

## **COUNT FIVE**

### **(Gross Negligence)**

62. Plaintiff repeats and realleges each and every allegation set forth in the previous paragraphs of her Complaint as if set forth at length herein.

63. Defendants developed, inspected, tested, assembled, designed, licensed, labeled, manufactured, distributed, purchased, packaged, supplied, marketed, and/or sold the three-wick candle.

64. Defendants had a duty to design, label, manufacture, and construct the candle in a manner that was safe for use in the manner that it was constructed and/or designed.

65. Defendants had actual knowledge that a danger presented itself to end users of their product. Specifically, that their candles have the possibility to suddenly and unexpectantly explode.

66. Prior to the Plaintiff's purchase of the three-wick candle, Defendants knew and/or should have known about the potential dangers and hazards associated with their candles. They had actual notice of the potential for their candles to explode due to prior complaints by purchasers of their products.

67. Defendants acted grossly negligent, carelessly and recklessly in the design, label, and manufacture of the candle. Specifically, they owed a duty to warn end users such as Plaintiff. Defendants' act of failure to act created an unreasonable risk of harm to Plaintiff based on Defendants' failure to exercise even the slightest care or diligence. Moreover, Defendants acted recklessly since they knew of the potential danger to end users such as Plaintiff, but consciously disregarded the known or obvious risk of harm to another in the interest of profits.

68. As a direct and proximate result of the aforementioned facts, Plaintiff suffered physical harm and damages. Specifically, Plaintiff has experienced: pain and suffering; physical injury and bodily injury, including burns, injury, shock, fear, and fright; feelings of insecurity; medical expenses; emotional trauma; and anxiety.

69. Plaintiff demands judgment in her favor and against Defendants, jointly and severally, for general, compensatory, exemplary and punitive damages plus such interest fees and costs as are allowed by law.

70. That as a result of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

**WHEREFORE,** the Plaintiff demands judgement against the Defendants in an amount that exceeds the jurisdictional limitations of all lower Courts that would otherwise have jurisdiction over this action together with costs and disbursements of this action and interest from the date of the verdict rendered hereon and for such other and further relief as may be just and proper.

## STATEMENT REGARDING EXCEPTIONS IN CPLR ARTICLE § 1602

One or more of the exceptions set forth in CPLR § 1602 are applicable to all causes of action and Defendants are jointly and severally liable with all other tortfeasors whether parties to this action or not.

**CURCIO MIRZAIAN SIROT**
A Limited Liability Company
Attorneys for Plaintiff,
Michelle Melendez

Dated: January 27, 2022     By: */s/ Benjamin C. Curcio*
                                Benjamin C. Curcio

                                48 Wall Street, 11th Floor
                                New York, New York 10005-2903
                                Telephone: (646) 741-1943
                                Facsimile: (646) 741-1944

                                (Please reply to our New Jersey Office)

                                5 Becker Farm Road, Suite 406
                                Roseland, New Jersey 07068
                                Telephone: (973) 226-4534
                                Facsimile: (973) 226-4535
                                Email: bcurcio@cmsllc.law