Revised: April 22, 2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

MICHELLE MELENDEZ

                Plaintiff(s),

No. 1:22 cv- 01869 (JGK)

-against-

BATH & BODY WORKS, LLC AND
BATH & BODY WORKS, INC.

                Defendant(s).

-------------------------------------------------------------x

**REPORT OF RULE 26(f) MEETING AND PROPOSED CASE MANAGEMENT PLAN**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties spoke on __3/29/2022__ and exchanged communications thereafter, and submit the following report of their meeting for the court's consideration:

1. **Summary of Claims, Defenses, and Relevant Issues**

**Plaintiff:**
Plaintiff brings this strict products liability action to recover damages sustained from a defective candle designed, manufactured, and distributed by Defendants.

**Defendant:**
Defendant denies plaintiff's product liability claims. Defendant will assert product misuse and comparable fault. Defendant also refers to the affirmative defenses asserted in their answer.

2. **Basis of Subject Matter Jurisdiction:** __28 U.S.C. §§ 1441 and 1446__

*Revised: April 22, 2021*

3. **Subjects on Which Discovery May Be Needed**

<u>Plaintiff:</u>
Discovery will be needed on the design, manufacture, and inspection processes for Defendant's product.

Discovery of Defendant's expert.

<u>Defendant:</u>
Discovery on the subject product and circumstances of the incident. Inspection of the subject product. Information regarding plaintiff's alleged injuries. Discovery of plaintiff's experts.

4. **Initial Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Plaintiff(s) on 4/15/2022. In addition, on 5/2/2022, Plaintiff(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Defendant(s) on 4/15/2022. In addition, on 5/2/2022, Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

5. **Formal Discovery**

The parties jointly propose to the Court the following discovery plan:

a. All fact discovery must be completed by 10/3/2022.

b. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court,

2

*Revised: April 22, 2021*

provided that the parties meet the deadline for completing fact discovery set forth in 5(a) above.

      i.    <u>Depositions</u>: Depositions shall be completed by <u>07/29/22</u> and limited to no more than _____ depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

      ii.    <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before <u>4/20/2022</u>. All subsequent interrogatories must be served no later than 30 days before the discovery deadline.

      iii.    <u>Requests for Admission</u>: Requests for admission must be served on or before <u>7/1/2022</u>.

      iv.    <u>Requests for Production</u>: Initial requests for production were/will be exchanged on <u>4/20/2022</u> and responses shall be due on <u>5/20/2022</u>. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

      v.    <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

6. **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

<u>No anticipated discovery disputes</u>

7. **Amendments to Pleadings**

    a.    Are there any amendments to pleadings anticipated? <u>No</u>

    b.    Last date to amend the Complaint: <u>TBD</u>

*Revised: April 22, 2021*

8. **Expert Witness Disclosures**

At this time, the parties ⬚do⬚/do not (circle one) anticipate utilizing experts.  Expert discovery shall be completed by __All Expert Disc by 2/15/2023  Plt Report by 11/1/2022 Deft Reports by 12/1/2022__

9. **Electronic Discovery and Preservation of Documents and Information**

   a. Have the parties discussed electronic discovery?  _n_____

   b. Is there an electronic discovery protocol in place?  If not, when the parties except to have one in place? _____

   c. Do the parties want the Court to enter a Rule 502(d) Order? (*see* Rule 502(d) Order)

   Yes _____     No __n__

   d. Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?
   __No_____
   _____
   _____

10. **Anticipated Motions**
    __Deft anticipate a potential motion for Summary Judgment_____
    _____
    _____

11. **Early Settlement or Resolution**

The parties have/⬚have not⬚ (circle one) discussed the possibility of settlement.  The parties request a settlement conference by no later than ___TBD_____.  The following information is needed before settlement can be discussed:
   __Written discovery and depositions to be completed._____
   _____
   _____

12. **Trial**

   a. The parties anticipate that this case will be ready for trial by __April 2023___.

4

*Revised: April 22, 2021*

      b.      The parties anticipate that the trial of this case will require __10__ days.

      c.      The parties do/(do not) (circle one) consent to a trial before a Magistrate Judge at this time.

      d.      The parties request a [jury]/bench (circle one) trial.

13.  **Other Matters**

    N/A

Respectfully submitted this __30th__ day of __March, 2022__.

ATTORNEYS FOR PLAINTIFF(S):           ATTORNEYS FOR DEFENDANT(S):

*/s/ Benjamin C. Curcio*                      */s/ Matthew G. Miller*